IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAMUEL GRASTY                   :      CIVIL ACTION
                                :
  v.                            :      No. 10-1470
                                :
MICHAEL WENEROWICZ, et al.      :

# ORDER

AND NOW, this 31st day of January, 2013, upon careful and independent consideration of Petitioner Samuel Grasty's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey and Grasty's objections thereto, it is ORDERED:

    1.    Grasty's objections to the Report and Recommendation are OVERRULED[1];

---

[1] In his habeas petition, Grasty raises six separate claims of ineffective assistance of counsel. On July 29, 2011, Judge Hey issued a Report and Recommendation which thoroughly addresses each of Grasty's claims. In his objections, filed on January 20, 2012, Grasty disagrees with Judge Hey's analysis and reargues the merits of each of his claims.

    As to his first claim—i.e., that trial counsel was ineffective for failing to request a mandatory alibi instruction—Grasty also appears to raise the new argument that his trial counsel was ineffective for failing to file a timely notice of alibi defense and to investigate and interview potential alibi witnesses. Notably, although Grasty asserts he "informed his counsel that, he had an alibi for his whereabouts on the night in question and that, he had witnesses who would testify on his behalf, as to his whereabouts on the night in question," Pet'r's Objections 5, he does not identify any such witnesses or describe the facts to which they would have testified. Because Grasty did not present this new argument to Judge Hey, the issue is not properly before this Court and need not be considered. *See Ramos v. Kyler*, No. 03-2051, 2004 WL 828363, at *4-5 (E.D. Pa. Apr. 12, 2004) (collecting cases holding "issue[s] raised anew in a habeas petitioner's objections to a magistrate judge's report . . . are not properly before the court, and thus are not to be addressed); Local R. Civ. P. 72.1(IV)(c) ("All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."). Further, given the complete lack of factual support for this new claim, the Court finds it to be without merit in any event. *See Palmer v. Hendricks*, 592 F.3d 386, 394-96 (3d Cir. 2010) (holding petitioner failed to show prejudice from his counsel's failure to advise him of his right to testify where petitioner provided no information

      2.      The Report and Recommendation is APPROVED and ADOPTED;

      3.      Grasty's petition for writ of habeas corpus is DENIED;

      4.      There has been no substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability; and

      5.      The Clerk of Court is DIRECTED to mark this case CLOSED.

                                  BY THE COURT:

                                    /s/ Juan R. Sánchez
                                Juan R. Sánchez

---

about the facts to which he would have testified); *D'Amario v. United States*, 403 F. Supp. 2d 361, 372 (D.N.J. 2005) ("Prejudice resulting from ineffective assistance of counsel cannot be based on mere speculation as to what witnesses might have said.").

      As to Grasty's remaining objections, upon de novo review, this Court agrees with Judge Hey's analysis and proposed disposition of each of Grasty's claims. Therefore, Grasty's objections are overruled for the reasons stated in the Report and Recommendation.